UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL AARON,                          *
                                     *
            Plaintiff,               *
                                     *
      v.                             *        Civil Action No. 20-cv-11604-ADB
                                     *
CITY OF LOWELL, et al.,              *
                                     *
            Defendants.              *

MEMORANDUM AND ORDER

BURROUGHS, D.J.

        Now before the Court are several motions to dismiss filed by the defendants.  Plaintiff

opposes the motions.  In sum, defendants argue that service is insufficient because the persons

served were not authorized to receive service on behalf of any of the defendants and also that

service was untimely.  Further, defendant Vicente is identified by the plaintiff as a New

Hampshire State Trooper and it appears from the government's motion that he is actually

employed by the United States Drug Enforcement Agency.  Plaintiff has proposed to have

summons reissued so that the USMS can serve both Vicente and the United States.  Dkt. No. 56.

For the reasons set forth below, defendants' motions are granted in part and denied in part.

I.      RELEVANT BACKGROUND

        Paul Aaron ("Aaron") initiated this *pro se* action on August 27, 2020, while in custody at

FCI-Danbury in Connecticut.  [ECF No. 1].  By Procedural Order dated August 31, 2020, the

court ordered Aaron, if he wished to proceed with this action, to either pay the filing fee or file

an *in forma pauperis* motion with his prison account statement.  Dkt. No. 3.  On September 16,

2020, plaintiff filed an amended complaint, memorandum of law and an *in forma pauperis*

motion.  Dkt. Nos. 5-7.  Aaron's *in forma pauperis* motion was denied without prejudice to refiling with a copy of his prison account statement.  Dkt. No. 7.

On September 28, 2020, and again on October 13, 2020, Aaron filed copies of his prison account statement with renewed *in forma pauperis* motions.  Dkt. Nos. 8-9, 12-13.  He also filed a motion to add defendants.  Dkt. No. 10.  On February 5, 2021, the court granted Aaron leave to proceed *in forma pauperis* and to file an amended complaint.  Dkt. No. 14.

On March 8, 2021, Aaron filed an amended complaint.  Dkt. No. 18.  By Memorandum and Order dated May 4, 2021, the court directed the clerk to issue summonses for service of defendants City of Lowell, Trooper Vincente, Rafael Rivera, Daniel Desmarais, Captain Penrose, Nickolas Dokos and David Lavoie.  Dkt. No. 19.  The court stated that a summons would not issue for the John Doe defendant and that Aaron could amend to substitute the correct party once his true name was discovered.  *Id.*  The court granted Aaron permission to elect to have service made by the United States Marshals Service (USMS) within 90 days of the issuance of the summons.  *Id.*

On May 4, 2021, almost nine months after Aaron initiated this action, the clerk issued summonses for service of the named defendants by USMS.  Dkt. No. 21.  After Aaron completed service of process forms for the USMS, dated July 30, 2021, and on August 13, 2021, a Deputy United States Marshal ("DUSM") completed service on Rafael Rivera, Captain Penrose, Nickolas Dokos, Daniel Desmarais, David Lavoie, and the City of Lowell.  Dkt. Nos. 23-28.

The DUSM checked a box on the Process Receipt and Return ("receipt") indicating that he personally served "Officer Colon" with the summonses for the individual defendants.  Dkt. Nos. 23-27.  For service of the City of Lowell, the DUSM checked a box on the receipt indicating that Clerk Michael Geary was served.  Dkt. No. 28.  The USMS filed the receipts with

2

the court on September 2, 2021.  Dkt. Nos. 23-27.  For service of Francisco Vincent, a receipt

was filed by the USMS indicating that on August 23, 2021, Lt. Bryan Trask was served at the

New Hampshire State Police Barracks in Concord, New Hampshire.  Dkt. No. 38.

    Now before the Court are motions to dismiss by the seven defendants  Dkt. Nos. 31, 45,

49, 53.   The City of Lowell's motion to dismiss, filed under Fed. R. Civ. P. 12(b)(5) ("Rule

12(b)(5)"), argues that Aaron failed to make service within 90 days as required by Fed. R. Civ. P.

4(m) and failed to return proof of service and show good cause for failure to serve the City

within 90 days as required by this court's local rules.  Dkt. No. 31.  Similar motions were filed

by defendants Desmarais and Penrose, *see* Dkt. No. 45, and defendants Dokos, Lavoie and

Rivera, *see*  Dkt. No. 49.     For defendant Vincente, the United States filed a response under 28

U.S.C. § 517 and moved to dismiss for improper service because Vincente is an employee of the

United Sates Drug Enforcement Agency, *id*., and as such, the United States had to be  served

pursuant to Fed. R. Civ. P. 4(i).  *See* Memo in Support, Dkt. No. 54 at n. 1, Dkt. No. 53.

On January 25, 2022, Aaron notified the clerk by telephone that his address had changed

because he had moved to  a residential reentry center ("RCC") in Manchester, New Hampshire.

Dkt. No. 55.  On February 14, 2022, Aaron filed a document explaining, among other things, that

he had relied on the USMS to complete service of process and that he had learned that defendant

Vincente works for the United States Drug Enforcement Administration ("DEA").  Dkt. No. 56.

Aaron also states that he would "like to introduce John Doe #1 as the United States of America.

*Id.*at p. 1.  Finally, Aaron requested the paperwork he needed to serve defendant Vincente and

the United States.  *Id.*

## II.      STANDARD OF REVIEW

Generally, "[t]he plaintiff is responsible for having the summons and complaint served [on the defendant] within the [ninety days] allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).   When the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, "the court [must] order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties [for parties proceeding in forma pauperis]").

"If a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P.  4(m).   "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  "Generally, dismissal for lack of timely service involves a two-step analysis: '[f]irst, the court must determine whether the plaintiff has met its burden of establishing "good cause" for the untimely service,' and 'second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.'" *Ascher v. Duggan*, No. 12-12418-FDS, 988 F. Supp. 2d 99, 103 (D. Mass. 2013) (citing *United States v. Tobins*, 483 F. Supp. 2d 68, 77 (D. Mass. 2007).

"Rule 12(b)(5) empowers courts to dismiss a complaint for insufficient service of process." *Evans v. Staples, Inc.*, 375 F. Supp. 3d 117, 120 (D. Mass. 2019); Fed. R. Civ. P. 12(b)(5).  "When a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper." *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014).

Rule 4(e) describes how an "Individual Within a Judicial District of the United States" may be served.  Specifically, that rule provides that service of a summons is properly effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode ...; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (paragraph breaks omitted).

For a United States "Officer or Employee Sued Individually," a plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  Fed. R. Civ. P. 4(i)(3).  "To serve the United States," the plaintiff "must" serve both "the United States Attorney for the district where the action is brought," *id.* 4(i)(1)(A), and "the Attorney General of the United States at Washington, D.C.," *id.* 4(i)(1)(B).  To serve an officer or employee who is a competent adult residing in the United States, a plaintiff must comply with Rule 4(e).  *Id.* 4(i)(3).

"[T]he First Circuit has held that a *pro se* plaintiff proceeding *in forma pauperis* shows good cause when the Marshals fail to meet their obligations." *Boyd v. Rue*, Civil Action No. 09-10588-MLW, 2010 WL 3824106, at *1 (D. Mass. Sept. 27, 2010) (emphasis omitted). "So long as a plaintiff 'provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." *Id.* (quoting *Ruddock v. Reno*, 104 F. App'x 204, 206-07 (2d Cir. 2004) (unpublished)).  In fact, the Advisory Committee specifically notes that reliance on a marshal to make service is an exceptional circumstance where a court would be justified in granting an extension even without a showing of good cause.  *Evans v. Staples, Inc.,* No. 18-40104-TSH, 375 F.Supp.3d 117, 122 (D. Mass. 2019) (citing Fed. R. Civ. P. 4(m) advisory committee's note to

5

2015 amendment ("Shortening the presumptive time for service will increase the frequency of occasions to extend time.  More time may be needed, for example, when ... a marshal is to make service in an in forma pauperis action.")).

## III.    DISCUSSION

As an initial matter, service here was untimely.[1]  Accordingly, the court must determine whether there is good cause for the failure to make timely service.  Plaintiff is proceeding *pro se* and *in forma pauperis*, and opted to have process served by the USMS.  Although plaintiff submitted his request to the USMS within the 90-day time period, the DUSM failed to effectuate service within the 90-day time period ordered by the court's May 4, 2021 Memorandum and Order.  Each of the USM-285 forms were signed by plaintiff on July 30, 2021.  Dkt. Nos. 23-28, 38.  Through no apparent fault of the plaintiff, the USMS did not complete timely service.  Accordingly, the court will excuse plaintiff's untimely service.

Next, while plaintiff identified defendant Vicente as a New Hampshire State Trooper, the United States indicates that he works for the DEA.  Thus, plaintiff had to serve Vincente personally and the United States by way of the United States Attorney's Office in this district and the Attorney General of the United States.  *See* Fed. R. Civ. P. 4(i)(3); *id.* 4(i)(1)(A)–(B).  Plaintiff never served the United States and therefore his service of Vicente was deficient.

Additionally, service appears insufficient on all of the individual defendants because the persons served may not have had the authority to receive service of process on behalf of the individual defendants.    According to the receipts filed by the DUSM, the summonses for

---

[1] In an order dated May 4, 2021, the court granted plaintiff permission to elect to have service made by the United States Marshals Service (USMS) within 90 days of the issuance of the summons to complete service.  Dkt. No. 19.  Defendants should have been served by August 2, 2021, but on August 13, 2021, the DUSM attempted service on all the defendants except Vincente.  Dkt. Nos. 23 - 28.  The DUSM attempted service on defendant Vincente on August 23, 2021.  Dkt. No. 38.

defendants Dokos, Lavoie, Rivera, Desmarais and Penrose were served on "Officer Colon" at the Lowell Police station. For defendant Vicente, the summons was served on Bryan Trask of the New Hampshire State Police (Troop B Commander).  Process was not delivered personally to each defendant, or left at a defendant's dwelling, or delivered to an agent authorized by appointed or by law to receive service of process.  Leaving process at a defendant's employer is insufficient unless the person to whom the process is delivered is authorized to receive service on the individual's behalf.  *See Foley v. Walsh*, 33 Mass. App. Ct. 937, 937–38 n.1 (1992). This rule does not change in the context of service to police officers. *See id.* (holding that service upon state trooper's employer at state police headquarters or state police barracks did not comply with federal or state procedures for service of process as to trooper); *cf. Blair v. City of Worcester*, 522 F.3d 105,  114 (1st Cir. 2008) (concluding that dismissal for insufficient service of process not warranted where circumstantial evidence gave rise to inference that defendant police officers had previously authorized another officer to act as their agent for purpose of service).   Here, there is no evidence that the defendants authorized Officer Colon or Lt. Trask to accept service on their behalf and therefore plaintiff has failed to establish that service was proper.

For these reasons, the court will grant in part the defendants' motions to dismiss and plaintiff will be afforded additional time to accomplish service on the defendants.   Plaintiff is advised that pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, he may choose an alternative to serving defendants Rivera, Desmarais, Penrose, Dokos and Lavoie with the summons and second amended complaint by offering these defendants the option to waive service of the summons.  *See* Fed. R. Civ. P. 4(d).  The Clerk will be directed to provide plaintiff with a blank Notice of Lawsuit and Request to Waive Service of Summons (form AO 398) and a blank Waiver of the Service of Summons (form AO 399),

## IV.    CONCLUSION

Accordingly:

1.      The Clerk shall correct the docket to identify Trooper Vicente as Francisco Vicente and Captain Penrose as Mathew Penrose.

2.      The Defendants' Motions to Dismiss (Dkt. Nos. 31, 45, 49, 53) are granted in part and denied in part.  The court grants plaintiff an extension of time to provide proper service of process to the defendants.

3.      The Clerk shall re-issue summonses for service of (1) the City of Lowell; (2) Francisco Vicente; (3) Rafael Rivera; (4) Daniel Desmarais; (5) Matthew Penrose; (6) Nickolas Dokos; and (7) David Lavoie, and the plaintiff shall serve the summons, the Second Amended Complaint, and this Order in accordance with Rule 4 of the Federal Rules of Civil Procedure. Because the plaintiff is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  If so asked by the plaintiff, the USMS shall serve copies of the summons, Second Amended Complaint, and this Order upon the named defendants as directed by plaintiff, with copies of Vicente's summons and the Second Amended Complaint to the Drug Enforcement Agency, the United States Attorney General,  and the United States Attorney for the District of Massachusetts.  The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.

4.      The Clerk shall provide the plaintiff with forms and instructions for service by the USMS.  The Clerk shall provide plaintiff with an AO 398 form, an AO 399 form and copies of Docket Nos. 18, 31, 46, 50, and 54.

     5.      The plaintiff shall have 90 days from the date of the reissuance of the summons to complete service.

     **SO ORDERED.**

March 3, 2022                           /s/ Allison D. Burroughs
                                        ALLISON D. BURROUGHS
                                      U.S. DISTRICT JUDGE